**Robert RODRIGUEZ, Petitioner,**

v.

**Robert MITCHELL, Supt., Respondent.**

**Nos. 94 CV 127, 01 CV 4222, 01 CV 7743.**

United States District Court, E.D. New York.

June 14, 2002.

Perry S. Reich, Schapiro & Reich, Lindenhurst, NY, Robert Rodriguez, Napanoch, NY, for petitioner.

Thomas M. Ross, The Office of the District Attorney, Kings County, Brooklyn, NY, for respondent.

## MEMORANDUM AND ORDER

WEINSTEIN, Senior District Judge.

### I. INTRODUCTION

There are two main methods in this court for dealing with pro se habeas corpus petitions challenging state convictions. One, the "traditional method," provides for primary adjudication by the court. The other, the more modern "staff method," gives first responsibility to a magistrate judge and her staff. For reasons indicated below, the judge to whom this case is assigned finds it impossible to adjudicate fairly the matter utilizing the traditional adversarial mode he prefers because the petitioner refuses to accept help from the counsel assigned to him. Recusal follows.

## II. PROCEDURE AND FACTS

This procedurally complex and long delayed series of Robert Rodriguez's habeas petitions challenges his conviction in state court for murders committed in 1982. He has been before the court of appeals on numerous occasions. *See Rodriguez v. Mitchell,* 252 F.3d 191 (2d Cir.2001) (history). After ruling adversely to him on his first petition, the court of appeals declared:

> Rodriguez is ... free to file a second habeas petition raising the ineffective assistance claim based on [trial counsel's] mental illness without obtaining our authorization to do so.

*Id.* at 203. The court of appeals did not decide the merits or deal with timeliness of a possible second petition.

In June 2001, petitioner filed a "second habeas petition" (filed under two dockets numbers) as allowed by the court of appeals. *See* 01 CV 4222 (E.D.N.Y. June 20, 2001); 01 CV 7743 (E.D.N.Y. October 31, 2001). All petitions were ordered consolidated under the earlier docket number, 94 CV 127.

Present counsel for petitioner had been appointed by this court in June of 2001 (in 94 CV 127). He has continued to represent petitioner in the consolidated case to today.

The petitioner's present claim is that state trial counsel was ineffective, evidenced in part by the fact that he was suffering from a mental defect. There is some evidence that the attorney, presently in Ohio, now has a medically recognized mental disease. There has been some difficulty in obtaining his cooperation in the present proceeding.

Two issues are now raised by respondent on a motion to dismiss: (1) does the statute of limitations bar this proceeding and (2) did trial defense counsel's representation fall below the constitutional floor. Respondent's arguments are powerful.

Petitioner's habeas counsel submitted a terse, but excellent brief on both points. Petitioner himself submitted a more extensive brief covering the same arguments. He also asked to have his appointed habeas counsel dismissed.

## III. INSISTENCE OF PETITIONER ON DISCHARGE OF COUNSEL

Upon a telephonic hearing, petitioner insisted that he wished to proceed without this counsel. The court strongly suggested to him that counsel was required if petitioner was to have any chance of success.

The court pointed out that even though it might be inclined to avoid the statute of limitations problem by applying *Zarvela v. Artuz,* 254 F.3d 374 (2d Cir.2001), *nunc pro tunc* to the commencement of the first habeas petition, or to rely upon other grounds to avoid the time-bar, the substantive and evidentiary problems were enormous. It noted that in *Bell v. Cone,* —— U.S. ——, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002), the Supreme Court, by a strong 8 to 1 decision, in a capital case involving a claim of trial counsel's mental illness, had rejected a claim similar to petitioner's. The Chief Justice's opinion denigrated evidence of the trial attorney's mental illness years after the trial. *See id.* —— U.S. at ——, —— S.Ct. at ——, 70 USLW 4447 at 4451, n. 4. The Court ruled that the high level of proof required by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), was applicable; the rule of *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), relied upon by petitioner here, did not apply. *Bell,* —— U.S. at ——, 122 S.Ct. 1843, 70 U.S.L.W. at 4448.

This court had some familiarity with the instant case since in April of 1995 it had held hearings on related aspects of the

matter in connection with the first habeas corpus petition. The petitioner was physically present at that hearing, having been produced in this court by order in March 1995.

## IV. COURT'S RELIANCE ON COUNSEL

■ Given the court's awareness of the present case's difficulties, the *Bell v. Cone* opinion, and the fact that without counsel petitioner would be controlling his case from confinement in a state prison cell where research on law or facts is awkward at best, the court concluded that it could not proceed appropriately without counsel acting for petitioner. Yet, petitioner, for reasons the court considered without much substance, rejected the help of the competent counsel this court had assigned. This decision of petitioner presented a dilemma for the court requiring, in its opinion, recusal. To understand this decision, it is necessary to outline the procedures available in this court for dealing with state prisoner habeas petitions pursuant to section 2254 of title 28 of the United States Code.

## V. METHODS OF DEALING WITH HABEAS PETITIONS CHALLENGING STATE CONVICTIONS

### A. *Traditional*

I prefer the more "traditional" method of dealing with challenges to state convictions brought under section 2254. An order to show cause is issued by the case coordinator to respondent as soon as the petition is filed. A hearing is ordered after respondent's papers, usually a motion to dismiss, and petitioner's reply have been received. Since petitioner is usually incarcerated, he is ordered to be present in court via telephone from his prison. He participates in any hearing. A transcript is prepared and sent to him. If there appears to be any possible merit to the petition, counsel is appointed for petitioner and I hold further hearings.

While, as in the instant case, petitioners are often intelligent and can produce useful papers and arguments, counsel is, in my opinion, essential for appropriate adversarial proceedings where there is any possible issue that might lead to the granting of the writ. Unless the skilled representative of the respondent is balanced by an attorney for petitioner the possibility of a fair result is reduced. This requirement of counsel for fair adjudication is a bedrock principle of the Anglo–American system of justice where the court's role is relatively passive, and adversaries have the burden of acquiring and presenting evidence and arguments. Fortunately, this district has a separate panel for habeas corpus matters of fine attorneys well versed in state criminal practice and federal section 2254 matters, willing to devote their talents to assist the judges and pro se petitioners.

Since the defendant is always present at any hearing by telephone, he or she can hear the judge and counsel and know that an Article III Judge is actively considering the case; this may provide a certain psychological assurance to petitioners who sometimes fear that their pleas for justice are being ignored or given short shrift. If a hearing requires defendant's physical presence, he is, as was the petitioner on his first petition, produced in the courtroom.

The case is often decided by an oral ruling, with a docket entry dictated by the judge. The court explains the decision to petitioner and answers his questions and objections. When it seems appropriate, a formal memorandum and order is prepared by the judge.

■ Having the petitioner actually present in the courtroom during hearings in every case is unnecessary. It adds to expense, interferes with prison programs

and could be subject to abuse were potential petitioners to believe that filing a petition was reason enough for a free ride to Brooklyn from an upstate prison. Telephonic conferences seem to work well in most cases.

### B. *Modern Staff Method*

The more "modern method" of dealing with section 2254 cases is based on that utilized by the court of appeals. A specialized group of staff attorneys prepares memoranda for the judges. This process is somewhat suggestive of the Continental approach, in which judicial investigation plays a prominent role and adversarial representation is diminished.

This method was recently adopted by this court and is now used by almost all of our judges. A highly qualified specialist in this field was appointed as a magistrate judge. With the assistance of her clerk and the court's pro se clerks she passes on state habeas petitions in the first instance, producing persuasive and learned memoranda and recommendations. *See* Lois Bloom and Helen Hershkoff, *Federal Courts, Magistrates Judges and the Pro Se Plaintiff,* 2 Notre Dame J.L. Ethics & Pub. Pol'y 475 (2002).

Staff specialization seems warranted to most judges, in part because this field has become exceptionally complex as more and more procedural barriers have been introduced by legislation and appellate decisions to impede collateral attacks on state judgments of conviction.

Some twenty cases have been decided in this court using this recently introduced staff method. It is reported that in every instance the judge to whom the case was assigned accepted the magistrate judge's recommendations.

The modern staff system seems to work well. It results in less strain on the district judges and probably on the staff and judges of the court of appeals. It may be more thorough, fair, and satisfactory to petitioners as well as respondents than the traditional system.

## VI.  CONCLUSION

Given my own continuing preference for the traditional mode, I cannot effectively adjudicate this complex matter without the assistance of counsel for the petitioner. There is no basis for burdening another member of the court's panel of habeas corpus attorneys since the attorney already rejected by petitioner was appropriate and adequate. Accordingly, the court recuses itself.

The court had intended to pass upon the motion to dismiss for untimeliness. Upon further reflection this issue seems best left for the judge who will be selected at random to adjudicate this matter.

SO ORDERED.